Opinion filed December 1, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 1, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00093-CR 

 

                                                    __________

 

                            MICHAEL EDWARD HANNON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 266th District Court

 

                                                           Erath
County, Texas

 

                                                Trial
Court Cause No. CR 12019

 



 

                                                                   O
P I N I O N

 

The jury convicted Michael Edward Hannon of the
offense of robbery and assessed his punishment at confinement for 13
years.  We affirm.  








In his sole issue on appeal, appellant contends
that the evidence is factually insufficient to support the jury=s verdict.  Appellant was convicted of robbing Bardomiano
Nunez Gonzalez by intentionally, knowingly, or recklessly causing bodily injury
to Gonzalez while in the course of committing theft of property.  Appellant specifically contends that the
evidence is factually insufficient with respect to the theft element of the
robbery.  We disagree.  

In order to determine if the evidence is factually
sufficient, we must review all of the evidence in a neutral light and determine
whether the evidence supporting guilt is so weak that the verdict is clearly
wrong and manifestly unjust or whether the evidence contrary to the verdict is
so strong that the beyond-a-reasonable-doubt burden of proof could not have
been met.  Zuniga v. State, 144
S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618
(Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 


The record from trial shows that several witnesses
testified, including the complainant, Gonzalez; the complainant=s friend, Jackline Gomez (Jackie);
Jackie=s sister,
Margarita Almaguer (Maggie); and appellant=s
brother, Bryan Lee Hannon.  All of these
witnesses testified that they and appellant were at a party at Roman Saldivar=s house on the evening of the
robbery.  They all left together in the
complainant=s pickup
and went to Jackie=s house
where they drank and socialized some more. 
At some point, Jackie and Maggie went inside.  The complainant testified that he got up to
leave but was hit in the back of the head by either appellant or Bryan.  The complainant immediately fell to the
ground.  Both appellant and Bryan kicked
and hit the complainant Aeverywhere,@ including his face and legs.  While the complainant was down on the ground
being beaten, either Bryan or appellant took the complainant=s wallet out of his back pocket; the
complainant was not sure which of the two actually took the wallet.  Jackie came out of the house, broke up the
fight, and told appellant and Bryan to leave. 
The complainant was bleeding badly, had broken ribs, and had a broken
nose.  When the police recovered the
complainant=s wallet
lying on the ground down the road from Jackie=s
house, where both Maggie and Bryan said they had thrown it, there was no money
in it.  The complainant testified that
there had been $680 in the wallet before it was stolen.








Bryan=s
testimony about the robbery differs somewhat from that of the complainant.  Bryan testified that, while Jackie and Maggie
were inside the house, he told appellant that the complainant had called
appellant a Ajoto,@ which is a disrespectful insult in
Spanish that is apparently translated to English as Afaggot.@ 
According to Bryan, appellant walked over to the complainant, Ajust hit him one time,@ and then walked away.  Bryan then jumped on the complainant, hit
him, kicked him, threw him on his stomach, and took his wallet.  Bryan stated that he took the money out of
the wallet B $550 B without appellant or anyone else
seeing and that he did not share the money with anyone else.

Another witness, Olivia Ojeda, who was Roman=s aunt, testified that she overheard
appellant bragging to Roman the day after the crime.  Olivia said that, although she did not see
appellant, she heard the conversation through an open window, that she knew
appellant, and that she recognized his voice. 
Olivia overheard appellant say that he and his brother had beaten the
complainant up and taken his money. 
According to Olivia, appellant told Roman that he and Bryan split the
money, with appellant getting more than $200 and Bryan more than $300.  Roman testified and denied having any such
conversation with appellant.

After reviewing all of the evidence in a neutral
light, we hold that the evidence is factually sufficient to support the jury=s verdict.  The jury charge included a charge on parties
and proper application paragraphs that allowed the jury to convict appellant of
robbery as the primary actor or as a party to the offense committed by
Bryan.  See TEX. PEN. CODE ANN. '' 7.01 & 7.02 (Vernon
2003).  The jury was charged that a
person is criminally responsible for an offense committed by someone else Aif, acting with intent to promote or
assist the commission of the offense, he solicits or encourages, aids, or
attempts to aid the other person to commit the offense.@  The evidence supporting appellant=s guilt is not so weak that the verdict
is clearly wrong and manifestly unjust, and the evidence contrary to the
verdict is not so strong that the beyond-a-reasonable-doubt burden of proof
could not have been met.  Appellant=s sole issue is overruled.  

The judgment of the trial court is affirmed.  

 

JIM R. WRIGHT

CHIEF JUSTICE

December 1, 2005 

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.